# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JOSHUA MULLINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20CV00020 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SAMUEL, SON & CO. (USA), INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

*Joshua Mullins, Pro Se Plaintiff; A. Tevis Marshall,* OGLETREE, DEAKINS, NASH, SMOAK AND STEWART, P.C., *Richmond, Virginia, for Defendant.*

In this civil case, which was removed from state court pursuant to the court's diversity jurisdiction, the plaintiff contends his former employer terminated him because he intended to file a workers' compensation claim. The defendant has moved for summary judgment. Because the plaintiff cannot prove that unlawful retaliation was the sole reason for his termination, I will grant the motion and enter judgment for the defendant.

I.

The following facts are taken from the summary judgment record and are undisputed except where noted.

Mullins worked as a painter at the Lebanon, Virginia, location of Samuel, Son & Co. (USA), Inc. ("Samuel").[1] On January 29, 2015, he signed an acknowledgement of the employee handbook, which contained safety rules and indicated that violation of the safety rules would lead to disciplinary action and potentially dismissal. Mullins received safety training while employed by Samuel, although he claims that a supervisor gave him answers to some of the safety tests he took. His training included how to properly use a respirator and how to safely work in confined spaces.

The employee handbook also contained a personal conduct policy which provided that an employee could be terminated for, among other things, "[m]aking or permitting a false record, relating to any material or work;" "[f]ailure to follow required safety procedures;" and "[r]epeated absence or tardiness; failure to report to work without satisfactory reason." Mem. Supp. Def.'s Mot. Summ. J. Ex. B, Decl. of Zach Lambert Ex. 2 at 45, ECF No. 39-2.

On April 2, 2019, Mullins received a final written warning related to attendance issues. Mullins understood that once an employee had accrued a certain number of unexcused absences (either five or seven), the employee would be terminated. He testified at his deposition that Samuel strictly applied its attendance

---

[1] Mullins initially sued "Samuel Pressure Vessel Group/Steel Fab," but that is not a proper defendant, and Mullins was in fact employed by Samuel, Son & Co. (USA) Inc., which entity has been substituted as the defendant. Order, ECF No. 43.

policy. He understood that if he had another unexcused absence after receiving the final warning, he would be terminated.

Mullins was absent from work again on April 3, 2019, the day after he received the final warning. He visited Ballad Health Urgent Care the next day, April 4, 2019, for treatment of back pain. He received a work excuse note from Family Nurse Practitioner Carol Keen. The note stated, "It is my medical opinion that Joshua Mullins may return to work on 4/4/19. Please excuse for 4/3/19." *Id*. at Ex. C, Decl. of Cathy Fleenor Ex. 1, ECF No. 39-3.

Mullins was not scheduled to work on April 5, 6, or 7. He presented Keen's note to his supervisor on April 8, 2019, when he returned to work. The second 4 in "may return to work on 4/4/19" was crossed out, and a hand-written 5 appeared above it, so that the noted stated he could return to work on 4/5/19. *Id*. Cathy Fleenor, Samuel's Human Resources Manager, contacted Keen to verify the authenticity of the note given the handwritten alteration. Keen told Fleenor that her practice was to write her initials next to any handwritten changes she made. She did not recall making a change to Mullins' note, and her initials did not appear next to the change. Based on her conversation with Keen, Fleenor concluded that Mullins had altered the note and falsely represented to Samuel that his medical provider had made the change.

Because she deemed the note to have been falsified, Fleenor considered Mullins' absence on April 4, 2019, to have been unexcused. Given that he had already received a final written warning, this additional unexcused absence would require termination under the company's attendance policy. Fleenor began the process of terminating Mullins' employment.

That same day, however, Mullins suffered an injury at work before his termination was completed. He was painting the inside of a pressure vessel tank when he began to feel dizzy, see dots, and taste paint thinner. He climbed out of the tank and fell to the floor. He vomited. He refused medical treatment initially but went to the emergency room the next day when his symptoms worsened.

Mullins admitted in his deposition that he had borrowed another employee's respirator, which was prohibited under Samuel's safety rules; that he had not used a so-called air horn to release fumes from the pressure vessel; that he had not used an oxygen monitor while painting; and that he did not complete a confined space report. Mullins asserts that while these were technically violations of Samuel's safety rules, they are excusable because Samuel essentially encouraged or permitted these violations on a regular basis. For instance, he claims that no oxygen monitor was available, the air horn was broken, and he never filled out confined space report forms. He further claims that time constraints forced him to use another employee's respirator because his respirator was locked away and

retrieving it would have meant wasting an expensive pot of paint that had already been opened and had to be used quickly.[2] In other words, he admits that he violated safety rules, but he implies that he would not ordinarily have been terminated for violating those rules, suggesting that this proffered reason for his termination was pretextual.

When Mullins returned to work on April 12, 2019, he was terminated. Fleenor and Foreman Zach Lambert, who was one of Mullins' supervisors, participated in the termination meeting. The written notice they gave to Mullins when he was terminated listed the reasons for his termination as "attendance, submitting a falsified doctor's excuse, and multiple safety violations resulting in injury which could have been severe." *Id*. at Ex. 2, ECF No. 39-3. Mullins believes he was terminated because Lambert and others did not want to report his

---

[2] In opposition to the Motion for Summary Judgment, Mullins submitted screen shots of text messages with other Samuel employees that corroborate these claims. Samuel contends that I cannot consider these text messages because they are inadmissible hearsay. "Only evidence that would be admissible at trial may be considered for summary judgment purposes." *Hunter v. Prince George's Cnty.*, 36 F. App'x 103, 106 (4th Cir. 2002) (unpublished). Federal Rule of Civil Procedure 56(c)(2) allows a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." "[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment." *Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991). That the text messages contain hearsay is of little consequence, because Mullins has submitted an affidavit in which he states, based on his own personal knowledge, the facts on which he relies — essentially that Samuel did not enforce the pertinent safety rules. His testimony as to facts within his personal knowledge is admissible and I can consider it in deciding the Motion.

workplace injury. Mullins testified at his deposition that he had asked Lambert about workers' compensation.

Mullins filed a workers' compensation claim on April 24, 2019. He later settled that claim. The Petition for Approval of Compromise Settlement submitted to the Virginia Workers' Compensation Commission, which Mullins signed, states that he violated safety rules and that he was "terminated for a justified cause." *Id*. at Ex. E, Pet. Approval Compromise Settlement 3, ECF No. 39-5.

Mullins asserts that the note from Keen inadvertently listed the wrong dates. He says he noticed the error and returned to the urgent care, where someone working there corrected the date by hand and gave it back to him. He has submitted a corrected copy of the note with a signature next to a handwritten date. He asserts that he obtained this copy of the note after he was terminated, when he revisted the urgent care and requested a new note. Records of the visit indicate that he was seen on April 4, 2019, in the evening; a record lists medication changes as of 7:03 PM that day.

Samuel has moved for summary judgment, which Mullins opposes. The motion has been fully briefed and is ripe for decision.[3]

---

[3] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

II.

The court is required to grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not a disfavored procedural shortcut, but an important mechanism for weeding out claims and defenses that have no factual basis. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). It is the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial. *Drewitt v. Pratt*, 999 F.2d 774, 77–79 (4th Cir. 1993).

Virginia substantive law governs this diversity action. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). A Virginia statute prohibits an employer from discharging an employee "solely because the employee intends to file" a workers' compensation claim. Va. Code Ann. § 65.2-308(A). The Supreme Court of Virginia previously held that an employer had a "legitimate non-pretextual reason to terminate" an employee where the employer, "which had conducted a thorough investigation, was entitled to conclude, based upon the facts it adduced during that investigation," that the employee "had made a false representation" to the employer. *Cooley v. Tyson Foods, Inc.*, 514 S.E.2d 770, 773 (Va. 1999).

Such is the case here. As Mullins admitted in his deposition, Samuel had reason to believe that Mullins had altered the note from Keen in order to be

excused from work for an additional day. Whether that conclusion was accurate is beside the point. Samuel investigated by calling Keen and asking whether she had made the handwritten change to the note. Keen told her that she had no recollection of doing so and that it was her practice to write her initials beside any handwritten changes. Samuel thus reasonably believed that Mullins had presented a falsified work excuse, which provided a legitimate reason for his termination.

The fact that Mullins was terminated shortly after suffering a workplace injury does not establish that Samuel terminated him because he intended to file a workers' compensation claim. The Supreme Court of Virginia considered and rejected a similar scenario in *Jordan v. Clay's Rest Home, Inc.*, 483 S.E.2d 203, 207 (Va. 1997). The court reasoned that "[o]therwise, a question of fact on this issue would arise in every case merely upon proof that an employee had been fired after a work-related injury. We refuse to establish such a precedent." *Id.*

On the other hand, it is not dispositive that Mullins signed a petition stating that his termination was for justified cause. Mullins was representing himself at the time, and the petition was almost certainly written by Samuel's workers' compensation counsel. The Supreme Court of Virginia has said that an employer's motivation for terminating an employee is "a question outside the realm of [the employee's] knowledge to be resolved by the trier of fact." *Mullins v. Va. Lutheran Homes, Inc.*, 479 S.E.2d 530, 533 (Va. 1997); *see also Charlton v.*

*Craddock-Terry Shoe Corp.*, 369 S.E.2d 175, 177–78 (Va. 1988). And it is conceivable that Mullins' testimony regarding the lax enforcement of safety rules could convince a reasonable jury that Mullins was not in fact terminated for violating safety rules.

Nevertheless, Samuel had at least two valid, undisputed reasons for terminating Mullins: excessive unexcused absences and the reasonable belief that he had submitted a falsified medical work excuse. Mullins therefore cannot prove that Samuel terminated him solely because he intended to file a claim for workers' compensation. Because he cannot satisfy the statutory requirements for his claim, Samuel is entitled to summary judgment in its favor.

### III.

For the foregoing reasons, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 38, is GRANTED. Judgment will be entered herewith.

ENTER: July 12, 2021

/s/ JAMES P. JONES
United States District Judge